IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DINLI METAL INDUSTRIAL COMPANY LTD., | § § § | |
| Plaintiff, | § § | |
| vs. | § § | Civil Action No.  3:06-cv-0787-R |
| GALT PORTER, et al., | § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

All Defendants move for summary judgment on Plaintiff Dinli Metal Industrial Company's claims against them, and Defendant Dinli USA LLC moves for summary judgment on its counterclaims against Dinli Metal.  Although Defendants filed their motion for summary judgment on February 26, 2007 (Dkt. No. 77), Dinli Metal has not responded. Based on the motions, briefs, pleadings and record before the Court, the Court GRANTS summary judgment for Defendants on all claims Dinli Metal lodged against them.  Further, the Court GRANTS summary judgment for Dinli USA on its breach of contract counterclaim.

**A.      Summary Judgment Standard**

"Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole which are designed 'to secure just, speedy and inexpensive determination of every action.'"  *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (citing Fed. R. Civ. P. 1).  Summary judgment under Rule 56(c) of the

1

Federal Rules of Civil Procedure is appropriate when there is no genuine issue as to any material fact in the case and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp.,* 477 U.S. at 322; *Melton v. Teachers Ins. & Annuity Ass'n of Am.*, 114 F.3d 557, 559 (5th Cir. 1997).

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.  *Celotex*, 477 U.S. at 323; *Calbillo v. Cavender Oldsmobile,* 288 F.3d 721, 725 (5th Cir. 2002).  Where the nonmovant bears the burden of proof on a claim upon which summary judgment is sought, the movant may also discharge its initial burden by showing that there is an absence of evidence to support the nonmoving party's case.  *See Celotex*, 477 U.S. at 325.  Once the movant has met its initial burden, the nonmovant must set forth specific facts, by affidavits or otherwise, showing that there is a genuine issue for trial.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  To avoid summary judgment, the non-moving party "must do more than show that there is some metaphysical doubt as to the material facts." *Id.* at 586.  "If the evidence [proffered by the nonmovant] is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 2549-50 (1986).  On the other hand, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in its favor.  *See id.* at 255.

Dinli Metal's lack of response to Defendants' motion means that Plaintiff has not designated specific facts showing that there is a genuine issue for trial and is therefore relegated to its unsworn pleadings, which are not summary judgment evidence. *Bookman v. Shubzda,* 945

F. Supp. 999, 1002 (N.D.Tex.1996) (citing *Solo Serve Corp. v. Westowne Assoc.,* 929 F.2d 160, 165 (5th Cir.1991)). While Dinli Metal's failure to respond does not permit the Court to enter a "default" summary judgment, the Court is allowed to accept the evidence presented by Defendants as undisputed. *Eversley v. Mbank Dallas,* 843 F.2d 172, 174 (5th Cir.1988); *see also Ragas v. Tenn. Gas Pipeline Co.,* 136 F.3d 455, 458 (5th Cir.1998) (holding a party opposing summary judgment is required to identify specific evidence in the record and articulate the precise manner in which that evidence supports her claim). Therefore, this Court accepts Defendants' evidentiary assertions as undisputed. *See Ragas,* 136 F.3d at 458 (noting the court does not have the duty to sift through the record in search of evidence to support a party's opposition to summary judgment); *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 915-16 & n. 17 (5th Cir.1992).

B.  **Dinli Metal has not presented a genuine issue of material fact on its claims against Defendants.**

On its claims against Defendants, Dinli Metal carries the burden of proof at trial, and as the summary judgment nonmovant, it must designate specific facts in the record to create genuine issues of fact precluding summary judgment. *Id.* The district court does not have a duty to search the entire record to find evidence supporting the nonmovant's position. *Jones v. Sheehan, Young, & Culp, P.C.,* 82 F.3d 1334, 1338 (5th Cir.1996). Rather, Dinli Metal must "identify specific evidence in the record, and [ ] articulate the 'precise manner' in which that evidence support[s][its] claim." *Bookman,* 945 F. Supp. at 1004 (quoting *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir.1994)). Dinli Metal's failure to respond to Defendants' summary judgment motion means that it has not met the "burden of designating specific facts showing that

3

there is a genuine issue for trial." *Id.*

For these reasons, the Court GRANTS summary judgment for Defendants on all claims lodged against them by Dinli Metal.

**C. Dinli Metal has not presented any evidence to defeat Dinli USA's breach of contract claim.**

In regard to Dinli USA's breach of contract counterclaim, Dinli USA must demonstrate that there is no genuine issue of material fact, and establish its claim against Dinli Metal as a matter of law. Dinli USA met its burden on the breach of contract claim by establishing, as a matter of law, that Dinli USA and Dinli Metal entered into a valid distribution contract, and Dinli Metal breached that contract by:

2. failing to obtain compliance certifications from the Environmental Protection Agency;

3. failing to notify Dinli USA of its inability to deliver products as provided in the contract; and

4. failing to provide warranty parts and services under the contract.

Therefore, Dinli USA is entitled to summary judgment on its breach of contract counterclaim.

**D. Dinli USA has not met its summary judgment burden in regard to the rest of its counterclaims, i.e., fraud, fraudulent inducement, and negligence.**

The Court is not persuaded that, as a matter of law, Dinli USA has established its counterclaims for fraud, fraudulent inducement, and negligence. Therefore, the Court DENIES summary judgment on each of Dinli USA's remaining counterclaims.

**E.     Damages and attorney fees.**

On the issue of damages and attorney fees, the Court is not satisfied with Dinli USA's evidence supporting summary judgment. Therefore, the issue of damages for breach of contract is appropriately left for trial. The Court will issue a new scheduling order providing the trial date.

**F.     Conclusion**

The Court GRANTS summary judgment in favor of all Defendants on all claims lodged against them by Dinli Metal. The Court also GRANTS summary judgment in favor of Dinli USA on its breach of contract counterclaim. The Court denies summary judgment on Dinli USA's fraud, fraudulent inducement, and negligence counterclaims. Therefore, Dinli USA's claims for breach of contract damages, fraud, fraudulent inducement, and negligence and will be set for trial.

**It is so ORDERED.**

**SIGNED this 27th day of April, 2007.**

_____
**JERRY BUCHMEYER
SENIOR UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS**

5